**Opinion filed February 3, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00100-CR
_____

## JOHNATHAN ROBERT WIMBERLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. F35901**

## M E M O R A N D U M   O P I N I O N

Appellant, Johnathan Robert Wimberley, originally pled guilty to the offense of engaging in organized criminal activity. *See* TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2021). Pursuant to the terms of a plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for a term of four years, and assessed a fine of $3,000. Approximately six months later, the State filed

a motion to adjudicate Appellant's guilt. The trial court conducted a hearing on the State's motion; at the hearing, Appellant pled true to five of the allegations in the State's motion to adjudicate and not true to three of the allegations. After hearing evidence, the trial court found five allegations to be true,[1] adjudicated Appellant guilty of the charged offense, and assessed his punishment at twenty-five years' confinement and a fine of $3,000. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has filed a pro se response to counsel's *Anders* brief. Appellant contends (1) that the State did not have sufficient evidence to support the indictment, (2) that the attorney appointed to represent him on the motion to adjudicate did not have adequate time to prepare for the hearing, (3) that the trial court did not allow him to retain an attorney, (4) that his trial counsel at the time of the original plea had

---

[1]We note that the trial court found (1) that four allegations to which Appellant pled true and one allegation to which Appellant pled not true were "true" and (2) that two allegations to which Appellant pled not true and one allegation to which Appellant pled true were "not true."

a conflict of interest because that counsel was appointed to represent multiple people on the same indictment, (5) that his community supervision was revoked based on a finding that he committed a new offense on which he was never indicted or tried, and (6) that the other alleged violations of the conditions of community supervision were proved to have occurred due to COVID or to two misdemeanor charges that were dismissed. We have considered the assertions made by Appellant in his pro se response. However, in addressing an *Anders* brief, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and found no reversible error or (2) that arguable grounds for appeal exists and remand the case to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1990). Based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

---

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

Accordingly, we grant Appellant's counsel's motion to withdraw and affirm the judgment of the trial court.

PER CURIAM

February 3, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.